**UNITED STATES, Appellee,**

v.

**Specialist Four Jeffery W. BAKER, SSN 273–70–5099 United States Army, Appellant.**

**SPCM 18290.**

U.S. Army Court of Military Review.

30 June 1983.

Major Paul J. Luedtke, JAGC, and Captain Kenneth G. Gale, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Kurt J. Fischer, JAGC, were on the pleadings for appellee.

Before HANSEN, CLARKE and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

BADAMI, Judge:·

In this appeal we are called on to answer whether a German police investigation of criminal activity was "participated in" within the meaning of Military Rule of Evidence 311(c)(3), where United States military personnel are present to deliver military equipment used for surveillance. We conclude under the facts of this case that the investigation was not "participated in" and affirm.

On 21 April 1982 the German police stopped a taxi cab in which the appellant, Specialist Four Jeffrey Baker, was riding and conducted a search of his person revealing marijuana in the hashish form. At trial appellant's motion to suppress the fruits of this search was overruled by the military judge and appellant was convicted of possession of marijuana in the hashish form and sentenced by a court with enlisted members, to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $367.00 pay per month for six months.

On appeal Baker challenges the correctness of the military judge's decision. The pertinent facts are these. On 21 April 1982 the German police were attempting to observe a known German drug dealer, in the area of the Hubertus gasthaus in Erlangen, Federal Republic of Germany. To assist their undercover investigation, the German police requested the loan of an American Criminal Investigation Command (CID) vehicle because the German suspects were familiar with the German vehicles and because the American vehicle possessed special surveillance equipment—a periscope.

Sergeant Leonard Branson, an American military police officer, was dispatched with the vehicle and directed to drive the vehicle to Erlangen and make the vehicle available to the German police. Sergeant Branson testified that it was "standard practice" for a member of the CID to accompany surveillance equipment which was loaned to other law enforcement agencies. After driving the vehicle to the appointed place, Branson climbed onto the bench seat and sat on the floor. He took no further action and did not otherwise assist the German police in their observations of the Hubertus gasthaus. Also present in the vehicle was a German narcotics detective. He communicated by radio with other German detectives who were positioned to conduct surveillance.

While observing the gasthaus, the German police saw the appellant and another American soldier conversing in front of the gasthaus with Suessmuth, the suspect, and another German drug dealer. The Americans were later observed walking into the woods across the street with Suessmuth. A short time later they returned and the Americans departed in a taxicab. The police ordered the cab stopped and a search of the appellant revealed the hashish.

Military Rule of Evidence 311(c) provides that, in the absence of gross or brutal maltreatment, evidence seized in violation of American law by foreign officials is admissible unless the search or seizure was "conducted, instigated, or participated in" by American military personnel. A search or seizure is not "participated in merely because a person is present at a search or seizure conducted in a foreign nation by officials of a foreign government...." Mil.R.Evid. 311(c)(3). *See United States v. Jones*, 6 M.J. 226 (C.M.A.

1979). The *Drafters' Analysis* indicates that the purpose of the rule is to prevent American authorities from evading constitutional protections by using foreign personnel to conduct a search or seizure that would have been unlawful if conducted by Americans. S. Saltzburg, L. Schinasi, and D. Scheuter, Military Rules of Evidence Manual 112 (1981). The rule requires that there must be an "element of causation" rather than mere presence. *United States v. Morrison,* 12 M.J. 272 (C.M.A.1982).

■ In the instant case, the evidence of record establishes that the appellant's search was not conducted by, instigated or participated in by American military personnel. Sergeant Branson was present at the surveillance, but his presence was no more than incidental for the protection of American property. The surveillance operation was instigated and conducted exclusively by German personnel. The motive for its existence emanated wholly from the German police. Branson was not even present at the time when appellant was searched, nor did he know that any Americans had been apprehended until the operation was concluded. We agree that the record adequately supports the military judge's determination below that the search was not an American one.

The findings of guilty and the sentence are affirmed.

Chief Judge HANSEN and Senior Judge CLARKE concur.